C. V. HILL ET AL. v. HENRY ALEXANDER ET AL.

Decided December 14, 1909.

**1.—Charge—Peremptory Instruction—Harmless Error.**

When the liability of one of several defendants depended solely upon the existence of fraud in the transaction, a peremptory instruction to find for said defendant could not have been prejudicial error when the jury found as a fact that there was no fraud whatever in the transaction.

**2.—Brief—Proposition—Irrelevent Statement.**

A proposition under an assignment of error can not be considered when the statement thereunder is not germane to the proposition.

**3.—Practice—Dismissal of Suit—Re-instatement—Consolidation.**

Although a suit may have been dismissed at a former day of the term, such order of dismissal may be set aside during the same term and the suit consolidated and tried with another pending cause.

Appeal from the District Court of Haskell County.  Tried below before Hon. C. C. Higgins.

*Helton & Murchison* and *Cunningham & Oliver,* for appellants.

*Oscar Martin* pro se, *Coombes & Coombes,* for appellees Alexander and Ballard, and *Bruce W. Bryant,* County Attorney, and *H. G. Mc-Connell* and *Gordon B. McGuire,* for appellee Haskell County.

SPEER, ASSOCIATE JUSTICE.—J. L. Baldwin, H. M. Rike, Mrs. J. S. Rike and J. G. Simmons filed a suit in the District Court of Haskell County against Haskell County, the county judge and county commissioners to enjoin them from erecting a jail on lots 5 and 6, in block 12, of the city of Haskell, in the vicinity of complainants' property.  Later, C. V. Hill filed his suit in the District Court of Haskell County against Henry Alexander, Oscar Martin, T. E. Ballard, and Haskell County, seeking to cancel deeds of conveyance from himself to T. E. Ballard and from Ballard to Haskell County on account of the fraud of his agent, Martin, who effected the sale for him; and in the alternative that if Haskell County should be held to be an innocent purchaser, then that he have judgment against the defendants Martin, Ballard and Alexander for his damages.  The defendants answered, and Haskell County especially prayed that its title be quieted and that it recover the lots in controversy.  These

two cases were by agreement consolidated. The trial court gave a peremptory instruction to the jury to find in favor of Haskell County, and submitted to them to determine the issues as to the other parties. From a verdict and judgment in favor of all the defendants the plaintiffs have appealed.

The first assignment of error complains of the peremptory instruction in favor of Haskell County, appellants insisting that the evidence was sufficient to show notice to appellee Haskell County of the fraud committed in the purchase of the lots from Hill. But an all sufficient answer to this assignment is that the jury have found, and this finding is nowhere attacked, that there was no fraud in the transaction. The court therefore could not have erred in summarily directing a verdict for Haskell County, whose liability, of course, was predicated upon the existence of fraud of which it had notice.

The second and third assignments of error are made the basis of the following proposition: "It was error for the court to charge that the jury should find that appellee Oscar Martin was a coconspirator with appellees Ballard and Alexander and liable to appellant before appellant Hill could recover of appellees Ballard and Alexander, for the reason that appellants' pleadings and the evidence in the case showed that appellee Oscar Martin was the innocent agent of appellees Alexander and Ballard." Conceding for the time that this is a correct proposition of law, appellants' statement nevertheless does not support it. It is as follows: "In appellant's petition he alleged that appellee Alexander fraudulently sought to influence said appellant's agent, Oscar Martin, to aid him in purchasing said lots from appellant. Appellant received two letters from Oscar Martin, the first advising that he could get two thousand dollars for the land, and the next inclosing a deed executed to appellee Alexander." The statement is hardly germane to the proposition; much less does it support it. In truth, an examination of the record discloses that appellant Hill's whole cause of action was for a rescission of the sale of his lots to Ballard because of the alleged duplicity and fraud of his agent Martin. We have found nothing in the pleadings or evidence to suggest that Martin acted as the agent of Ballard only in purchasing the land; and, indeed, if he did, it is difficult to conceive how appellant Hill would have a cause of action at all.

Finally, it is insisted that the court erred in instructing the jury and rendering a judgment in favor of Haskell County for the lots in controversy against appellants Baldwin, Rike, Simmons and Rike, because their suit against Haskell County had been dismissed, and the court, therefore, had no authority to consolidate such case with the suit of appellant Hill. In the order consolidating the two cases, however, it is expressly stated that the order of dismissal theretofore entered in the case of Baldwin et al. against Haskell County et al. "be and is hereby in all things set aside."

We have discussed every assignment of error; we find no error in any of them; the judgment is therefore in all things affirmed.

*Affirmed.*

Writ of error refused.